The first case on calendar for argument is Dockery v. Thompson. May it please the Court, I am Thomas Hester from the Federal Public Defender's Office for Helen Heath Dockery. I'd like to begin by addressing the procedural aspect of this case and whether this Court can reach the merits. I have posited sort of a three-layered reason why the State's procedural defenses should fail, and I've laid out those extensively in my briefing. In the reply, I addressed the first two layers in great detail, and because the third wasn't really addressed in the State's response, I don't hit it. I plan to just highlight that right now. And that is, assuming that the State's arguments that when the post-conviction Court remanded the case, they gave it a sentence and remanded it an unqualified judgment, you still look through that judgment to the opinion that that Court wrote to see what happened. That opinion, which is on 46 of the excerpt of the record, stated that a particular case, State v. Rafferty, requires the trial court to find and determine on the record that a consecutive sentence is authorized, citing Oregon Revised Statute 137.123 sub 4. Well, Oregon Revised Statute 137.123 sub 4, which is quoted in my briefing, it's appended to the State's response as their appendix 1, requires that before a court exercise its discretion to consider consecutive sentences, they must be separate convictions. And that necessarily and logically embraces the threshold question of whether these two convictions or a single kidnapping under alternative theories must merge as a matter of law. So I believe that even if the State were to prevail on sort of the first two layers, it has to lose on that layer because, in fact, the case went, was remanded for that specific purpose if you look through to that judgment. So you would agree, counsel, though, that it was not remanded for the specific issue of whether or not there was a merger, right? Well, I mean, the language that we have on the remand, there's a judgment that simply vacates the sentence of romancing. Now, the State argues he should appeal that judgment. It was kind of a limited remand. It says to that extent post-conviction relief is allowed. There wasn't a blanket ruling that for all intents and purposes the conviction was reversed. No, that's true. And if he were, for instance, trying to raise a new trial point at this stage, that would certainly be very different, and that is really the first layer of analysis. But assuming that that is correct, that it was only limited for this purpose, that language, what you just read to me is what follows the language I read to you, which is what the court did. What the court did, if you look through the judgment to the opinion here, is to remand for findings. So we don't look to what the court said? No. Yes, let's look to what the court said. And I guess what I'm trying to say in this sort of lowest-level analysis of mine is that, assuming we look to exactly what the court said, we look through the judgment, what the court said remands for findings under 137 or a determination, really, of whether consecutive sentences are authorized by 137.123.4. Was that the issue that was raised before the court? We're talking about the post-conviction court. According to the record that is presented in the federal district court and here, and at the second sentencing where the lawyer who did the post-conviction case didn't handle the sentencing, she told the judge there the merger issue was in the post-conviction court, and, in fact, the judge then there went on to reach the merger issue after saying he didn't think it was from this language. But even if it weren't, and I think the record, that's the second layer, the record shows that there's not adequate independent grounds for finding a default. But even if they get by that, this language squarely requires, on remand, that the sentencing court finds that it's authorized under the statute, which requires separate convictions. That's the language of the statute. Isn't that an alternative? I guess I don't understand your question. Well, in this particular case, wasn't the court just asking the trial court to correct the error that was addressed before the post-conviction, in the post-conviction matter? The post-conviction. The specific issue that was raised. The court doesn't tell the court on post-conviction, in this opinion, looking at issue of the opinion, which is really all the meat of it on 46 of the extra progressive, doesn't state more than you're required to, quote, internal quote, find or determine on the record that a consecutive sentence is authorized by the particular statute. That statute is cited, if you wanted to look at Respondent's Brief of Appendix 1, it's cited there. The numbered portion, parent 5, is actually parent 4 at the time of this case. Wasn't the specific issue, though, on post-conviction, whether or not the court made the specific findings that are required? No, not from our record. It absolutely wasn't. Our record and the lawyer says both issues were raised, the merger was issued. But the merger issue was raised as merger, per se. But even if it were not, the remand says vacate the sentence in judgment, remand to see if the sentence is authorized under this statute. That specific statute requires that the court, for the court to have discretion to impose consecutive terms of imprisonment, separate convictions arising out of the opinion. Let's look at the record on page 33 of the extensive record. This is the issue that was posed on post-conviction. The court failed to make the findings necessary under ORS 137.123, parent 4, for the imposition of consecutive sentences. Wasn't that the issue that was raised in the post-conviction proceeding? That certainly was an issue. I mean, if that were the only issue. Where is the other issue raised? Where in the record was the other issue raised? I believe it's on page 55 of the excerpt where trial counsel... I mean in the pleading that was presented post-conviction. You're citing through the language of the pleading, yes. Okay, so you're saying that language also encompasses the issue of whether or not there was a merger? Yeah, I mean the question presented on page 33 where you asked me to look. Did the trial court err in imposing consecutive sentences without complying with ORS 137.123? In the summary of the argument was the court failed to make the findings necessary under ORS 137.123, parent 4, for the imposition of consecutive sentences. That's the argument that was made before the post-conviction court. Is that correct? Yes. And that encompasses merger because that statute, the findings that are required for it, there are specific findings about the offense that must be made, and a legal and logical prerequisite to that is a determination that there are separate convictions. In that summary, though, was there any reference to Federal law or the Federal Constitution? I think there's a good argument that can be made that the Federal issue is not presented there. It refers to Oregon State law and raises a question under Oregon law. But there is no doubt that if it's on remand, if the issue of merger was there, either there was a due process violation when he was sentenced consecutively for a single offense, or there was ineffective assistance of trial counsel for not properly preserving the Federal issue, or of appellate counsel for not raising it as a Federal issue, and all of those issues were litigated in the subsequent post-conviction. If I can make one final point about the post-conviction matter, the district court found that 138.550 barred him because you have to raise everything in your first post-conviction. But his first post-conviction to attack the sentence that was imposed is the sentence that was imposed upon the remand at the second sentencing. And this case before you is the culmination of that first conviction. I would like to just quickly hit on the merits issue. The State doesn't go into any detailed discussion, but I want to highlight the district court error in not going through the Oregon analysis because the merger statute issue, the piece of it is that it applies the same conduct, two or more statutory provisions, each with an element, the other does not. It's the two or more statutory provisions piece of it, because we're talking about subsections of one statutory scheme that applies here and is at issue here. And with regard to that, in Kaiser and in Miller cases that predate our sentencing, the initial sentencing, the Oregon Supreme Court laid out a merger analysis and said the issue is are there separate legislative concerns. And they go through a procedure for addressing that under a case called PG&E versus Bolli. First you look at the language of the individual case and their legislative history, if you need to go further. The statutory language says with any of the following purposes, and as I lay out in detail in my reply, that encompasses a single crime, it describes a single crime, but if you do go further, the only case addressing as I lay out is the Langenberger case where they found merger, and that was a later case, so you can put that aside, but if you look at judicial opinions, that's all you have. And then as you go to the legislative history, it is manifestly clear. The legislature said this crime becomes K-1 when it's done with one or more of the following purposes. And they just charged two separate purposes only about things that were going on in Mr. Dockery's mind. If they didn't, it doesn't meet the test of separate legislative concerns, and it's clear under the analysis mandated by the Oregon Supreme Court in Kaiser and in Miller that this is only a single kidnapping. All right. Thank you, Counsel. May it please the Court. Tim Sylvester for the State of Oregon Respondent. Again, I apologize for the state of my voice. It's still suffering from a cold here. You have another big day, so you need to step up to the plate. It's a bad time as far as this cold is concerned. I think the crucial thing for the Court to keep in mind is that under Oregon laws, I explained in my Respondent's Brief, there are two very separate and distinct issues going on in this situation. The first one is when a defendant is found guilty of two or more alternative theories of the same crime, the first issue is do those alternative theories merge into a single conviction or does the Court enter separate convictions? And that particular issue is governed by Oregon Revised Statute 161.067, which is in the appendix to the Red Brief. If the Court enters or determines that the two convictions do not merge and enters two separate convictions, then the second issue is does the Court have authority to impose consecutive sentences on those two convictions? That is governed by an entirely different statute, Oregon Revised Statute 137.123, sub 5, which is also in there. Those are two separate statutes, two separate sets of criteria, two separate issues entirely. Now, at the original trial, defendant was found guilty of alternative counts of first-degree kidnapping. Under Oregon law, the sentencing court entered two separate convictions. Then the Court went ahead and imposed consecutive sentences. In his direct appeal from that sentence, Petitioner, at sentencing — Let me interrupt you for a moment. Was there an objection at the time of sentencing on the basis of an election theory that the prosecutor should elect which one? No. There was never any suggestion at the time of sentencing. There was no argument by Petitioner's counsel at the time of sentencing that they should merge. And, in fact, he didn't make any objection at sentencing to the consecutive sentences either. And so there was a total default on objecting at all, either to merger or consecutive sentences. Petitioner then appealed. And on appeal, he raised only the consecutive sentences issue. And we argued that, well, he had failed to object, so it wasn't reviewable on direct appeal. Petitioner then filed a petition for post-conviction relief. And the petition is in the excerpt of record. And on excerpt of record 43 and 44, the only claim that he made was that his trial and appellate counsel provided constitutionally ineffective assistance because the court did not make the findings under ORS 137.123 to support consecutive sentences. There was no objection. There was no claim that my counsel provided inadequate assistance by failing to argue merger under 161.067. Counsel, what is your response to opposing counsel's argument that the assertion of noncompliance with 137.1234 necessarily encompasses the findings under Parent 5, which addresses the merger issue? What's your response to that? No, I don't think at all. Those are two entirely different issues. And when you look at the statute, which is in the appendix to my brief, 137.123, it starts out by saying, The court has discretion to impose consecutive terms of imprisonment for separate conviction arising out of continuous and uninterrupted course of conduct only if the court finds. So the statute itself says where there's already been entered separate convictions, the court has authority to impose consecutive sentences only if the court makes these findings. There is no requirement in this statute that there is any sort of review of the separate convictions issue. That is an entirely different issue under 161.067. There was no argument, there was no claim in his petition for post-conviction relief that his counsel failed to object to the entry of separate convictions. Those are just simply separate issues. And then when the court remanded, and I set that out, quoted on page 11 of my brief. What the court said is that it cited an Oregon Court of Appeals case for the proposition that the statute 137.123 requires a trial court to find or determine on the record that consecutive sentences are authorized. That was not done in this case. That is, what the court was saying is that there was no finding to support consecutive sentences. To that extent, post-conviction relief is allowed, that the action is remanded to the trial court to re-sense it. And so the only basis for post-conviction relief being granted in the first proceeding was simply that the court failed to make findings on the record to support consecutive sentences. There was no remand to reconsider or to consider for the first time the merger issue. That issue simply was never raised at the first post-conviction proceeding. Then when the petitioner went back for resentencing, for the first time he raised the merger issue, and the sentencing court said, well, that's not in front of me. I mean, that wasn't the basis for the remand here. The only basis for the remand here was that findings for consecutive sentences, and the court went ahead and made the findings for consecutive sentences. And defendant's counsel said, well, I still want you to make a determination on the merger issue. And the court said, okay, fine. You lose on that one, too, even on the merits. And so then that issue went up on appeal, and the state responded to both of those, saying, first off, that the issue, the sentencing court correctly said it wasn't properly informed, and for the reasons I set forth in my brief, that issue, in fact, was not properly before the sentencing court on the remand under Oregon law. And then we also argued that the court correctly said that the two convictions do not merge as a matter of Oregon law, and that particular decision was affirmed without being on direct appeal. At that point, I mean, the procedural posture of this case throughout gets very convoluted, because at that point the petitioner then filed a second petition for post-conviction relief. And it was in that proceeding that we said there's a statute that I set forth in my brief, 138, Oregon revised statute 138.550.3, that provides essentially that you cannot raise in a successive petition for post-conviction relief a claim that you could have raised at the original proceeding and just failed to do so. Where is that? It's on page 27 of my brief. And what it says is all grounds for relief claimed by petitioner or petitioner pursuant to the Post-Conviction Hearing Act must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived. And so we argue that, well, his challenge to merger came too late. He didn't raise it in his first post-conviction proceeding in any format at all, and so it is simply barred as a matter of state law. And the post-conviction court in the second proceeding expressly agreed with that. And those findings are on page 17 and 18 of my respondent's brief. And on page 18, the court says, petitioner is precluded from pursuing in this post-conviction proceeding his claim that trial court erred in failing to merge his convictions because he did not raise that issue in his first post-conviction case. And so the court very specifically, the state post-conviction court very specifically said, that claim simply is barred procedurally because he raised it too late. And, of course, he appealed, and the court of appeals confirmed without opinion. And so I think that the record in this case very clearly establishes that as a matter of state law, petitioner raised this particular challenge to merger too late. He did not raise it in his first post-conviction proceeding. When he tried to raise it at the resentencing hearing, it was just too late. And so as a matter of state law, it is barred. On the merits of his claim. Before you move to the merits, counsel has argued, it sounds to me, that the mandate by the post-conviction, first post-conviction court judge was broad enough to require an examination of the federal constitutional question. What's your response to that? Oh, I don't think so. He didn't raise the federal constitutional question. No, I'm talking about the mandate. Well, what all the court said is remanded for resentencing. And I cite cases in my brief, State v. Anderson, State v. Colburn, which I discussed in my brief, that stand for the proposition. The Oregon Court of Appeals has said that in this kind of situation where the post-conviction court finds a single error in remands for resentencing, the only issue before the court on remand is the correction of that particular error, and it is not wide open for resentencing. And so simply as a matter of state law, I think he's wrong. I mean, it's basic law of the case or res judicata or collateral estoppel or claim preclusion principles that are at work here, and that is that you had your chance to raise this issue. You didn't raise it. You can't bootstrap yourself into raising it the second time around because that was something you should have raised the first time around. I guess my time is up. Thank you, counsel. We'll give you one minute for rebuttal. I think I might have confused the issue a little bit about whether there's sub-4 or sub-5. Actually, what is now sub-5 used to be sub-4, and I explained that in footnote 8 of my opening brief. And that language, again, the remand, to find or determine on the record if consecutive sentences are authorized by the statute. The statute says you only have discretion to issue consecutive sentences for separate convictions. But, counsel, what about the opposing counsel's point that that language is prefaced by language which presupposes that separate convictions have already been found, so that's not subject to reconsideration at that point? There is no such language in the statute, no such preparatory language in the statute. If you look simply at that statute, the remand from the first post-conviction court, that covers and requires a finding legally that there were separate convictions. Well, let's look at that, 137123. Okay. Paragraph 5, it says the court has discretion to impose consecutive terms of imprisonment for separate convictions. Doesn't that presuppose that there have already been separate convictions? No, it requires the court to determine that there were separate convictions, just as the next clause arising out of the is another condition precedent to make any additional required findings. But what case authority do you have in Oregon that requires a finding that there have been separate convictions under 137.1235 before the court makes these findings? Do you have a case that says that specifically? I believe that if you look at the Rakito case, and certainly if you shepherdized it, you would find it. I can provide a citation to the court on Monday or later today. No, that's okay. I just wondered if you have one that you stand here today that says that. I did not see that as a point of complaint. Thank you. The next three cases on calendar, Maddox v. Morrow, Holtzman v. Morrow, and Herzog v. Parmentier are submitted on the brief. The next case on calendar for argument is United States v. Pearl. Thank you.
judges: Alarcon, Rawlinson, Bybee